**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| NEELY FOGLE § | |
| § | |
| V. § | CASE NO. 4:12-CV-325 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II and XVI of the Social Security Act on November 15, 2007, claiming entitlement to disability benefits due to her herniated disk, seizures, swelling in her ankles, arthritis in her fingers, hypoglycemia, asthma, shortness of breath, and swelling in her face and hands. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on December 6, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Tammie Donaldson testified.

On February 25, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied April 23, 2012.

Therefore, the February 25, 2011 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since November 15, 2007, the alleged onset date (20 C.F.R. 404.1571 *et seq.*, and 416.971 *et seq.*)

3. The claimant has the following severe impairments: Chronic Lumbar Spine Degenerative Changes and Arthritis (20 C.F.R. 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except sit 4 or 8 hours; stand 4 or 8 hours; sit/stand option; occasional use of the upper extremities; and unskilled work.

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).

7. The claimant was born on October 19, 1969 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medica-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404-1569, 404.1569(a), 416.969, and 416.969(a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2007, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

(Tr. 20-28).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is

a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff's first point of error is that the ALJ's finding that her mental impairment is not severe is not supported by substantial evidence. The ALJ specifically found that Plaintiff's depression did not constitute a severe impairment because it did not impose more than mild limitations in any category. Under listing 12.04, a claimant must demonstrate marked impairment in at least two of the following categories: restrictions of activities in daily living; difficulties in maintaining social functioning; difficulties in maintaining concentration, persistence or pace; or repeated episodes of decompensation. Dr. McGirk's assessment of the B criteria found only one of the above to be moderate (Tr. 574). In his narrative assessment, he indicates that Plaintiff does not exhibit a significant functional limitation due to her mental status at the time of examination (Tr. 576). The ALJ gave his reasons for rejecting Dr. McGirk's assessment as to concentration based on the treatment record. In any event, even if the ALJ had accepted Dr. McGirk's limitations, Plaintiff would fail to meet the B criteria. The law is well settled in this Circuit that where an ALJ fails to find a severe impairment but proceeds on the step four or five of his analysis, such error does not justify a remand. *See Jones v. Bowen*, 829 F.2d 524, 527 n.1 (5th Cir. 1987).

The ALJ specifically found that Plaintiff had only mild restrictions in daily living. He found that she had no difficulties in social functioning or concentration. He noted no episodes of decompensation of extended duration. The ALJ specifically recited the reasons for his rejection of Dr. McGirk's assessment. As the ALJ noted, Dr. McGirk's diagnosis and GAF score conflicted with McGirk's findings. A GAF score does not represent a medical opinion regarding any specific limitations assigned to a plaintiff's mental impairment. *See Escovedo v. Colvin*, 2013 WL 1915051, *5 (N.D. Tex. 2013). Neither does a GAF score directly correlate to an individual's ability to work, and "is not determinative of a disability," *Nickerson v. Astrue,* 2009 WL 321298 at *5 (N.D. Tex. 2009); *see also Hill v. Astrue,* 2009 WL 2901530 at *7 (S.D. Tex. 2009), *citing* 65 Fed.Reg. 50746, 50764–65 (Aug. 21, 2000). Several courts in this Circuit have affirmed a finding of no disability when a claimant's GAF score is 48. *See Morton v. Astrue*, 2011 WL 2455566 (N.D. Tex. 2011); *Nelson v. Astrue*, 2013 WL 372924 (N.D. Tex. 2013). *See also Zimmerman v. Astrue,* 228 Fed. App'x. 931 (5th Cir. 2008) (per curiam) (affirming ALJ's finding that low GAF score was inconsistent with psychologist's "mild description" of claimant's impairments); *Foster v. Astrue*, 277 Fed. App'x 462, *2 (5th Cir. 2008) (per curiam) (finding that treating psychologist's objective findings that claimant was cooperative and articulate with average cognitive abilities and intact memory "greatly undermined" GAF score of 48). Plaintiff's first point of error is overruled.

Plaintiff next complains that the ALJ's reliance on the state agency physician's assessment and the rejection of her treating nurse's opinion resulted in a RFC finding that was not supported by substantial evidence. Plaintiff contends that the MRI (not available for Dr. Post's review) and x-rays from 2010 provide a nexus between Nurse McClain's opinion and medically determinable impairments capable of causing the limitations assessed. The ALJ found otherwise and found that Plaintiff had an RFC of light work with the limitations he noted. According to Nurse McClain,

6

Plaintiff was restricted to part time work and sitting a maximum of two hours a day (TR 625). However, this diagnosis was not based on the MRI or x-ray Plaintiff refers to but rather the primary diagnosis and secondary diagnosis of Seizure disorder and anxiety respectively. No mention is made by Nurse McClain of any lumbar disorders restricting Plaintiff's work.

The determination of RFC and ultimately disability are issues reserved for the Commissioner. *Ripley v. Chater*, 67 F.3d 552, 227 (5th Cir. 1995). Medical opinions on those issues are not entitled to any special treatment. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ is not bound by any findings made by state agency medical consultants, but because state agency medical consultants are highly qualified physicians with expertise in Social Security disability evaluation, the ALJ must consider their findings as opinion evidence, except for the ultimate determination about whether an individual is disabled. 20 C.F.R. § 404.1527(f)(2)(I). The ALJ evaluates the findings of state agency medical consultants by using factors such as medical specialty and expertise with Social Security rules, supporting evidence in the case record, supporting explanations provided by the physician or psychologist, and any other factors relevant to the weighing of the opinions. Social Security Ruling (SSR) 96-6p states that an ALJ "may not ignore" the opinions of state agency medical and psychological consultants and "must explain the weight given to the opinions in their decisions." *See* SSR 96-6p, 1996 WL 374180.

State agency review precedes ALJ review, and there is often a time lapse. However, an updated assessment is only required where in the opinion of the ALJ additional medical evidence may change the State agency medical consultant's finding. *See Garza v. Astrue*, 2013 WL 2432421 (S.D. Tex. 2013) (citing *Chandler v. Comm'n,* 667 F.3d 356, 361 (3d Cir.2011)). As the ALJ noted, Plaintiff was involved in a motor vehicle accident two months after her MRI and one month after Nurse McClain's assessment. The ALJ noted that her x-rays demonstrated degenerative changes and

7

spurring, but no fractures. However, the ALJ found the lumbar spine degenerative changes to be a severe impairment. The x-rays reviewed by Dr. Post were taken about seven months before Plaintiff's MRI and about nine months before her accident. The x-rays reveal chronic degenerative changes and multilevel intervertebral disc space narrowing most markedly at the L3-4 and L4-5 levels (Tr. 302). X-rays a month later again demonstrate lumbar spine chronic degenerative changes (Tr. 308). Her MRI indicates chronic degenerative changes. The MRI also indicates some bulging and neural exit canal impingement. It is not clear whether she sought subsequent treatment or medication for her back condition.

In any event, the ALJ noted her chronic lumbar condition and acknowledged that it was a severe impairment. Dr. Post noted that her SLR indicated pain at 80 degrees. Dr. Post also noted that Fogle had mild degenerative changes as indicated by the x-rays she reviewed. As noted in the x-rays reviewed by Dr. Post, there was moderate to severe narrowing at L 3-4 and L4-5 disc space. Save the notation of impingement, the MRI reveals little more than what the x rays revealed, *i.e.*, chronic lumbar degenerative disc disease. Given that the nurse's assessment does not directly reference low back pain as a limiting condition, the Court finds that the ALJ's assessment was supported by substantial evidence and that a remand is not necessary.

Pursuant to the foregoing, the Court **AFFIRMS** the decision of the Administrative Law Judge.

    **SO ORDERED.**
    SIGNED this 10th day of January, 2014.

*signature*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE